UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS MAYS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>A.K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:04-cv-06678-AWI-LJO-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 11)<br><br>**ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983** |

　　　Plaintiff Norris Mays ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On November 1, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On December 6, 2005, plaintiff filed objections to the

1

Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge, a prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer, 511 U.S. at 837. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson, 290 F.3d at 1188. This subjective approach focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839. A "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996). Here, Plaintiff has alleged that Montoya should have realized Plaintiff was suffering from more than a simple rash. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. Toguchi, 391 F.3d at 1057. Plaintiff has not alleged sufficient facts that

1  the risk to his health was so obvious that any reasonable person
2  would have realized the need for faster treatment.  See  Lolli v.
3  County of Orange, 351 F.3d 410, 421 (9th Cir.2003) ("Deliberate
4  indifference to medical needs may be shown by circumstantial
5  evidence when the facts are sufficient to demonstrate that a
6  defendant actually knew of a risk of harm").  Thus, the court
7  agrees with the Magistrate Judge.
8       Accordingly, IT IS HEREBY ORDERED that:
9       1.   The Findings and Recommendations, filed November 1,
10 2005, is ADOPTED IN FULL; and,
11      2.   This action is DISMISSED, with prejudice, for
12 plaintiff's failure to state a claim upon which relief may be
13 granted under section 1983.

15 IT IS SO ORDERED.

16 **Dated:     December 20, 2005**                    **/s/ Anthony W. Ishii**
   0m8i78                                  UNITED STATES DISTRICT JUDGE

3